United States District Court
Southern District of Texas
**ENTERED**
August 12, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JARRELL WILSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:25-CV-04437** |
| | § | |
| **ATKORE INTERNATIONAL, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM & ORDER

Before the Court is Plaintiff Jarrell Wilson's Motion to Quash Defendant's Third-Party Subpoena and Motion for Protective Order (ECF No. 28). For the reasons that follow, the Motion is **DENIED**.

Plaintiff moves to quash five third-party subpoenas to Plaintiff's former employers and the academic institution where Plaintiff obtained his welding certification. Plaintiff argues that the information sought in these subpoenas is irrelevant and that good cause exists for a protective order because the subpoenas are unnecessarily intrusive.

Defendant responds that the information sought in the subpoenas is relevant and appropriately limited. The Court agrees.

Defendant's subpoenas to Plaintiff's former employers Coca-Cola, PepsiCo, and Advanced Containment Systems seek documents relating to discrimination or retaliation complaints and/or charges filed by Plaintiff against each company. While not addressing the question of whether this information will in fact be admissible at trial, the Court agrees that these

documents are relevant to Plaintiff's credibility, his state of mind, and the calculation of damages. *See Carrizal v. Texas - Health & Hum. Servs. Comm'n*, No. EP-23-CV-00343-DCG, 2025 WL 2648256, at *5 (W.D. Tex. Sept. 8, 2025) (granting motion to compel seeking discovery into prior litigation in sex discrimination and harassment case). Defendant also seeks additional documents from Advanced Containment Systems, where Plaintiff was employed after the occurrence of the events at issue in this case, including Plaintiff's job application, resume, pay statements, benefits, and reason for termination of employment. The Court likewise agrees that these documents are relevant to Plaintiff's welding qualifications and mitigation of damages.

The Court also agrees with Defendant that the subpoena to Angelina College Welding Program, where Plaintiff obtained a welding certificate, and Performance Contractors, where Plaintiff worked as a welder from 2017 to 2018, seek relevant and discoverable information. Plaintiff argues that his welding qualifications are not at issue because Defendant "admitted. . . that 100% argon gas experience was never a requirement for [the] Welder position." ECF No. 28 at 2-3. But Plaintiff mischaracterizes Defendant's admission. Defendant admitted that the job position for the position Plaintiff applied to did not state that 100% argon gas welding experience was required. *See* Plaintiff's Request for Admission Nos. 2; 9. This is quite different from admitting that 100% argon gas welding experience was not in fact a desirable qualification. Defendant told Plaintiff that the reason he was not selected for the welder role was because of his lack of experience with 100% argon gas. Regardless of whether this explanation was in fact a front for unlawful discrimination, Plaintiff's welding qualifications and experience, including with 100% argon gas, are clearly relevant to Plaintiff's claim of discrimination and Defendant's defense. *See Bowers v. Sears*, *Roebuck & Co.*, 2014 WL 4269090, at *2 (W.D. Tex. Aug. 29, 2014)

(noting that by filing an employment discrimination suit, plaintiff effectively "put his job performance abilities at issue").

Finally, the Court concludes that Plaintiff has not shown good cause for a protective order as required under FED. R. CIV. PRO. 26(c). Under Rule 26(b), the Court must limit the scope of otherwise relevant discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." FED. R. CIV. PRO. 26(b)(2)(C)(i). Similarly, Rule 26(c) gives the district court discretion to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. PRO. 26(c)(1). In exercising this discretion, the district court "must compare the hardship to the party against whom discovery is sought against the probative value of the information to the other party." *Ramirez v. Benavides*, 2022 WL 18110181, at *3 (S.D. Tex. Nov. 8, 2022) (citing *Cazorla v. Koch Foods of Mississippi, LLC*, 838 F.3d 540, 555 (5th Cir. 2016)). In both cases, the burden is on the party seeking to limit discovery to show "good cause." *In re Terra Int'l, Inc.*, F.3d 302, 306 (5th Cir. 1998). To meet this burden, the movant must make "a particular and specific demonstration of fact as distinguished from stereotyped conclusory statements." *Id.*

Plaintiff has not pointed to any specific facts that suggest the subpoenas are unduly intrusive or otherwise oppressive to Plaintiff.[1] Since Plaintiff is no longer employed by the

[1] In his reply, Plaintiff also alleges that Defendant failed to serve him with their response in violation of the Federal Rules of Civil Procedure. But Defendant filed its response via the Court's Electronic Filing System, and Plaintiff waived service by other means when the Court granted his Motion for Permission to E-File. See ECF No. 8 (Order Conditionally Granting Plaintiff's Motion for Permission to E-File).

employers from whom discovery is sought, there can be no concern that discovery will impact his ability to seek or maintain work.

For these reasons, Plaintiff's Motion to Quash and for Protective Order are **DENIED**.

**IT IS SO ORDERED.**

Signed at Houston, Texas on August 12, 2026.

Keith P. Ellison
United States District Judge